IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDSOFT, INC., ET AL., | No. MISC 11-80181 SI |
| Plaintiffs, | [Underlying Case No. 2:08-cv-00098-CE in the U.S. District Court, Eastern District of Texas, Marshall Division] |
| v. | **ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH RULE 45 DEPOSITION SUBPOENA AND DOCUMENT REQUEST; DENYING CROSS-MOTION FOR PROTECTIVE ORDER AND TO QUASH** |
| VERIFONE HOLDINGS, INC., ET AL., | |
| Defendants. | |

Currently before the Court is a motion by defendant Hypercom Corporation ("Hypercom") to compel compliance with a Rule 45 deposition subpoena (Docket No. 1); and cross-motions by plaintiffs Cardsoft, Inc. and Cardsoft (Assignment for the Benefit of Creditors) LLC ("Cardsoft") and third-party Donald E. Sweet for a protective order and to quash the subpoena. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the September 16, 2011 hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS Hypercom's motion and DENIES Cardsoft's cross-motion.

In the underlying case, pending since 2008 in the Eastern District of Texas, plaintiff Cardsoft has sued Hypercom and other companies for patent infringement. The accused products are credit card electronic funds transfer/point of sale terminals. Hypercom's subpoena seeks the deposition testimony and documents of Donald E. Sweet, a resident of this judicial district who was the former CEO and a director of Cardsoft. Hypercom argues that Sweet's testimony is relevant to this case because Sweet was directly involved in attempts to sell the Cardsoft technologies/patents in 2005, and as part of that process, Sweet had discussions with a consultant hired by Cardsoft in order to identify technologies that

infringed on Cardsoft's patents. *See* Hypercom Motion to Compel at 5-9; Reply at 3.

In their cross-motion, Cardsoft and Sweet seek a protective order and to quash the subpoena. The primary ground for opposing the deposition is undue burden: that Sweet's medical condition prevents him from giving a deposition. Cardsoft does not dispute the relevance of Sweet's testimony, but asserts that it would be duplicative of other individuals whose depositions have been offered (particularly Andrew Smyth and Anthony Rawlinson). Opposition at 11; Reply 5-6. Finally, Cardsoft has offered to turn over the responsive documents in Sweet's possession. Opposition at 11; Reply at 7.

The Court has reviewed the papers submitted, including the declarations regarding Mr. Sweet's health. The Court finds that Hypercom's motion should be GRANTED. While the declaration of Mr. Sweet and his doctor establish that Mr. Sweet had some significant operations in the past few years, including two in 2011 (back and cataract surgeries) and he is still on the narcotic prescription drug hydrocodone, there is no testimony about Sweet's general physical or mental health. For example, there is no evidence that Mr. Sweet is not working, there is no evidence that Mr. Sweet is house-bound or that his activities are limited in any way, and there is no evidence that due to the hydrocodone Sweet cannot and has not functioned in a business or social environment. At most, Sweet and his doctor testify that he has experienced side effects from the hydrocodone, which range from drowsiness and lethargy to mental clouding and anxiety. Neither Sweet nor his physician declares which side effects Sweet has suffered from or the impact the unidentified side effects had or have on his general functioning.[1]

The Court also finds that the testimony sought by Hypercom is not duplicative of testimony and evidence already in Hypercom's possession. In particular, Hypercom has demonstrated that the testimony of prior witnesses has left gaps in the record that only Sweet may be able to fill.

Therefore, the Court ORDERS Sweet to be produced for a deposition not to exceed four (4) hours at a location within 15 miles of his residence. Sweet shall be produced on or before September

---

[1] Plaintiffs' counsel repeatedly asserts that Sweet's treating physician declared that "Sweet's prescribed medication significantly impairs both his mental and physical faculties." *See, e.g.*, Opposition at 6:8-10. However, the declaration of Dr. Alamin states only that, "Sweet's mental and physical faculties are impaired while he is taking hydrocodone." Ex. N to Hardee Decl., ¶ 10. The doctor never explains the degree of impairment.

30, 2011. Cardsoft shall also produce the documents provided by Sweet to Cardsoft on or before September 16, 2011.[2]

**IT IS SO ORDERED.**

Dated: September 12, 2011

SUSAN ILLSTON
United States District Judge

---

[2] Cardsoft filed a motion to strike evidence submitted by Hypercom in support of its reply. [Docket No. 17]. The Court DENIES that motion. The evidence submitted responds directly to points raised in Cardsoft's cross-motion and, therefore, is not improper.